679 A.2d 1291

**COMMONWEALTH of Pennsylvania**

v.

**Scott D. SCHICKLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 1996.

Filed June 26, 1996.

416

Lawrence J. Hracho, Reading, for appellant.

Iva C. Dougherty, Assistant District Attorney, Reading, for appellee.

Before DEL SOLE, JOHNSON and CERCONE, JJ.

DEL SOLE, Judge.

After a bench trial, Appellant, Scott Schickler, was convicted of Possession of a Controlled Substance (Marijuana), Possession of a Controlled Substance (Cocaine), Possession With Intent to Deliver and/or Manufacture a Controlled Substance (Marijuana) and Possession of Drug Paraphernalia. On appeal, Appellant argues that the evidence seized from his apartment should have been suppressed because the search warrant was not supported by probable cause. We affirm.

The record shows that on October 15, 1993, Detective Andrea Kohut, acting on an anonymous tip that the odor of marijuana was emanating from Appellant's apartment, went to

the apartment building where Appellant resided and confirmed through her own observation that a strong smell of marijuana was present at the doorway of Appellant's apartment. Upon her return to the police station, Detective Kohut was informed by a Sergeant Weniger that Appellant lived in the apartment in question and described Appellant's car which Detective Kohut confirmed was in the apartment building's parking lot when she was there. Additionally, Sergeant Weniger told Detective Kohut that several months earlier, in March 1993, two confidential informants told the police that Matthew "Tony" Delp would be going to Appellant's apartment to purchase drugs. The detectives followed Delp to the apartment and when he left the building, they stopped his car and searched him. A small amount of marijuana was found in the car and Delp told the detectives that he had purchased it from Appellant.

After hearing this information, Detective Kohut, Officer Erik Gruzig and his canine, returned to the apartment building three days later for the purpose of conducting a canine search. As they walked through the basement of the building where Appellant's apartment was located, the canine "alerted" to Appellant's apartment by scratching on the wall next to the door jam. Based on her own observation, the canine sniff and the additional information provided to her by Sergeant Weniger, Detective Kohut applied for and obtained a search warrant for Appellant's apartment on October 19, 1993 and executed it that same day.

 Appellant argues that the search warrant was not valid because it was based upon stale information, a subjective observation by Detective Kohut and an unreliable canine sniff. We disagree.

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to

ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed. [citation omitted]. *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 8, 539 A.2d 1291, 1294 (1988) (quoting *Commonwealth v. Gray,* 509 Pa. 476, 484, 503 A.2d 921, 925 (1985)).

█ Appellant places great emphasis on the magistrate's consideration of the information surrounding the "Tony Delp incident", labeling it "hearsay upon hearsay", and he challenges the reliability of the canine sniff on the grounds that the Commonwealth failed to show that the dog had proven to be reliable in the past.

Although probable cause cannot as a general rule be founded upon stale or temporarily remote information, *Commonwealth v. Stamps,* [493 Pa. 530, 427 A.2d 141 (1981) ] [additional citations omitted], corroborative information need not be current for it to be properly considered by the magistrate so long as it relates to prior conduct sufficiently similar to the acts in question. *Commonwealth v. Gullett,* 459 Pa. 431, 329 A.2d 513 (1974).

*Commonwealth v. Weidenmoyer,* 518 Pa. 2, 10, 539 A.2d 1291, 1295 (1988).

█ Furthermore, "an affidavit which contains hearsay upon hearsay need not be categorically rejected. Rather 'double hearsay' must be evaluated in conjunction with the other information on the affidavit to determine whether the information is reliable." *Commonwealth v. Klinedinst,* 403 Pa.Super. 605, 612, 589 A.2d 1119, 1123 (1991) *allocatur denied,* 529 Pa. 618, 600 A.2d 534 *citing Commonwealth v. Casuccio,* 308 Pa.Super. 450, 465, 454 A.2d 621, 629 (1982) [additional citations omitted].

While in the instant case, the information obtained seven months prior to the current offense, standing alone would have been inadequate to support a search warrant, there remains the important additional factors of the canine sniff and Detective Kohut's personal observations. Trained and experienced in drug investigations, Detective Kohut testified that she smelled a strong odor of marijuana by Appellant's apartment

door. This corroborated the tip provided to her by the anonymous caller. Therefore, we hold that the detective's observation, combined with the other information contained in the affidavit of probable cause, supports the magistrate's issuance of the search warrant and, thus we find that the trial court did not err in failing to suppress the evidence seized as a result of the warrant's execution. It is apparent that the magistrate had "a substantial basis for concluding that probable cause existed". *Commonwealth v. Weidenmoyer, supra.*

While Appellant's remaining argument raises a general claim that the search was invalid because the police did not have articulable reasonable grounds for believing that drugs may have been present in Appellant's apartment, the primary focus of this argument is that the Commonwealth failed to prove the reliability of its "canine informant".

In *Commonwealth v. Johnston*, 515 Pa. 454, 530 A.2d 74 (1987), the appellant argued that the affidavit in support of the search warrant was deficient because it failed to provide information regarding the training and experience of the canine used to conduct a sniff search of a storage facility where illegal narcotics were discovered. Our supreme court found that the affidavit "contain[ed] enough information to inform the magistrate that the animal used was not an ordinary police dog who might 'alert' to anything, but instead was trained to indicate the presence of narcotics." *Id.* at 471, 530 A.2d at 82. Finding that to require more would place "unreasonable burdens on the police", the court stated, "[u]nless it is established, as it has not been on this record, that trained narcotics detection dogs are less than 51% accurate, there is no need for a more detailed account of a narcotics detection dog's pedigree." *Id.*

In the present case, the affidavit submitted to the magistrate stated that the canine was "certified by the North American Police Work Dog Force" and "was qualified for narcotics searches in March, 1992". The affidavit also notes that "[m]arijuana is one of the narcotics that [the canine] is certified in detecting". Therefore, we reject Appellant's argu-

ment that the Commonwealth was required to submit additional information about the canine's reliability.

Accordingly, having found no merit to Appellant's claims, we affirm his judgment of sentence.

Judgment of sentence affirmed.